**Pamela M. DIANGI, Plaintiff,**

v.

**VALEX, INC. d/b/a Georgio's Comfort Inn; and Four G's, Inc., d/b/a Georgio's Banquet Facility, Defendants.**

**No. 98 C 2534.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 6, 1999.

---

Melissa J. Auerbach, Richard J. Tupper, Peter Carl Swanson, Cornfield & Feldman, Chicago, IL, Solomon I. Hirsh, Chicago, IL, for plaintiff.

Donald F. Peters, Jr., Christopher Paul Lyons, David R. Skowron, Law Office of Donald F. Peters, Jr., Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

The permissible scope of pending discovery depends, at least in large measure, on whether or not the concept of "integrated enterprise" applies to claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.* *Papa v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir. 1999), holds that it does not apply to statutory discrimination claims, although it does apply to laws administered by the National Labor Relations Board.

What about FMLA claims? Plaintiff contends that there is a distinction between labor standards regulation and anti-discrimination statutes, that the FMLA is a labor standards regulation, that its interpretation should be guided by the policies and principles animating labor legislation, that the FMLA's broad definition of "Employer" counsels against the application of *Papa*, that a conclusion that the concept

did not apply would cast doubt upon the administrative regulations under the WARN Act, and that the legislative history does not lead to the application of *Papa*.

We recognize that there are distinctions between labor standards regulation and antidiscrimination statutes, *see Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 712 (7th Cir.1997); that the FMLA is of the labor standards regulation genre; that, unlike discrimination statutes, an individual can be found liable under the FMLA (which, of course, does not necessarily establish the potential liability of other employers); that the application of *Papa* here may possibly cause some doubt upon the WARN Act administrative regulations; and that the FMLA legislative history does not clearly mandate one result or the other. We are concerned here, however, with the reach of *Papa*, and we believe the Seventh Circuit would conclude that the FMLA is within its reach.

We recognize that *Papa* directly concerned only antidiscrimination statutes, but its sweep is far broader. The court relied upon an analysis of the purpose of statutory provisions exempting small employers. "The purpose is to spare very small firms from the potentially crushing expense of mastering the intricacies of the antidiscrimination laws, establishing procedures to assure compliance, and defending against suits when efforts at compliance fail." *Id.* at 940. It went on to extend the concept of limited affiliate liability beyond antidiscrimination statutes (*id.* at 941):

[United States v.] Bestfoods [524 U.S. 51, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)], which we have now cited twice, was not a discrimination case; nor *Spartech [Corp. v. Opper,* 890 F.2d 949 (7th Cir.1989)] or any of the other cases we have just cited. But we cannot think of a good reason why the legal principles governing affiliate liability should vary from statute to statute, unless the statute, or the particular policy that animates the statute, ordains a particular test. (The exception is applicable to the

National Labor Relations Act, as we shall see). The basic principle of affiliate liability is that an affiliate forfeits its limited liability only if it *acts* to forfeit it—as by failing to comply with statutory conditions of corporate status, or misleading creditors of its affiliate, or configuring the corporate group to defeat statutory jurisdiction, or commanding the affiliate to violate the right of one of the affiliate's employees. The act requirement is emphasized in our decision in *Secon Service System, Inc. v. St. Joseph Bank & Trust Co., supra*, 855 F.2d [406] at 413–16 [ (7th Cir.1988) ], and in numerous other cases across the full range of American law.

The FMLA is, obviously, within the full range of American law. Indeed, its objective is akin to the broad objectives of antidiscrimination statutes: to protect a class of employees from adverse employer action. Here, to be sure, the class is defined by personal needs rather than by race, religion, sex, age, disabilities and the like, and it can be argued that the protection takes the form of requiring employer action rather than inaction, but we think those are distinctions without differences. Limited affiliate liability under the FMLA falls well within the purpose of that limitation as expressed by the Seventh Circuit. The National Labor Relations Act is upon an entirely different footing, as noted in *Papa* at 942. Rights there flow from an appropriate collective bargaining unit, and an appropriate unit may well be an enterprise, one plant of an enterprise, one trade within a plant, one trade within a number of plants, all or some trades within affiliated enterprises, or various other combinations. It is, by its nature, a flexible concept intended to promote the objectives of that Act. That is a far cry from what we have here.

The parties shall conform their discovery to the view herein expressed.